UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD DOUGLAS, ET AL.

VERSUS

K & L REAL ESTATE, LLC, ET AL.

CIVIL ACTION

NO. 16-866-BAJ-RLB

## ORDER

This order is issued *sua sponte*.

Leonard Douglas, an inmate at Dixon Correctional Institute, filed an original Complaint in this Court asserting that he represents himself, Sharper Entertainment, Inc., and Larouge Entertainment, LLC as plaintiffs, and that he is seeking recovery for "breach of the implied-in-law duty of good faith and fair dealing" from the named defendants, K &L Real Estate LLC and Khanh Bui. (R. Doc. 1). The Complaint does not specify any source of law under which the plaintiffs are seeking relief.

Mr. Douglas is not admitted to practice law before this Court. It also appears that Mr. Douglas is not admitted to practice law in the State of Louisiana.

In reviewing the Complaint in the light most favorable to Plaintiff, it appears that the Court cannot exercise subject matter jurisdiction over this action. Plaintiff does not seek relief under any federal law supporting federal question jurisdiction. *See* 28 U.S.C. § 1331. Furthermore, it appears that diversity jurisdiction is lacking because there is not complete diversity between the parties. *See* 28 U.S.C. § 1332. Mr. Douglas and Mr. Bui both appear to be Louisiana citizens. The Complaint does not identify the citizenship of Sharper Entertainment, Inc., which is determined by the corporation's state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). The Complaint also does not identify the citizenship of Larouge

Entertainment, LLC or K&L Real Estate LLC, which is determined by the citizenship of their members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Furthermore, it appears that Mr. Douglas may be engaged in the unauthorized practice of law by signing a pleading on behalf of the named co-plaintiffs in this action, Sharper Entertainment, Inc., and Larouge Entertainment, LLC, which is prohibited under Louisiana law. *See* La. R.S. 37:213. A *pro se* plaintiff cannot sign a pleading on behalf of other plaintiffs that the *pro se* plaintiff does not represent. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). Business entities such as Sharper Entertainment, Inc., and Larouge Entertainment, LLC must be represented by licensed counsel in a civil proceeding. *See Southwest Express Co., Inc. v. Interstate Commerce Comm'n,* 670 F.2d 53, 55-56; *United States v. Brown*, 197 F. Supp. 2d 574, 575 (W.D. La. 2002).

Based on the foregoing,

**IT IS ORDERED** that, within 30 days of the date of this Order, Mr. Douglas shall amend the "Petition for Damages" setting forth the basis for federal subject matter jurisdiction. To the extent any business entity remains a party, counsel in good standing in this district must appear on its behalf. Failure to establish this Court's subject matter jurisdiction will subject the instant action to dismissal without prejudice.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Order, Mr. Douglas must show cause in writing why his co-plaintiffs should not be dismissed from this action on the basis that Mr. Douglas is unauthorized to represent their interests.

Signed in Baton Rouge, Louisiana, on June 14, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**