## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEONARD DOUGLAS (#601998)**

**VERSUS**

**K & L REAL ESTATE, LLC, ET AL.**

**CIVIL ACTION**

**NO. 16-866-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 18, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD DOUGLAS (#601998)

VERSUS

K & L REAL ESTATE, LLC, ET AL.

CIVIL ACTION

NO. 16-866-BAJ-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court has granted Leonard Douglas's Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 3). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

**I.    Background**

Mr. Douglas, an inmate at Dixon Correctional Institute, filed an original Complaint (titled "Petition for Damages") in this Court asserting that he represents himself, Sharper Entertainment, Inc., and Larouge Entertainment, LLC as plaintiffs, and that he is seeking recovery for "breach of the implied-in-law duty of good faith and fair dealing" from the named defendants, K &L Real Estate LLC and Khanh Bui. (R. Doc. 1). The Complaint does not specify any source of law under which the plaintiffs are seeking relief.

Mr. Douglas is not admitted to practice law before this Court. It also appears that Mr. Douglas is not admitted to practice law in the State of Louisiana.

On June 14, 2018, the Court issued a *sua sponte* order requiring Mr. Douglas to amend the "Petition for Damages" setting forth the basis for federal subject matter jurisdiction within 30 days of the date of the Order. (R. Doc. 5). The Court further informed Mr. Douglas that "[t]o the extent any business entity remains a party, counsel in good standing in this district must appear

1

on its behalf" and that "[f]ailure to establish this Court's subject matter jurisdiction will subject the instant action to dismissal without prejudice." (R. Doc. 5 at 2). Finally, the Court ordered Mr. Douglas, within 30 days of the date of the Order, to "show cause in writing why his co-plaintiffs should not be dismissed from this action on the basis that Mr. Douglas is unauthorized to represent their interests." (R. Doc. 5 at 2).

As of the date of this Report and Recommendation, Mr. Douglas has not sought to amend his pleadings, set forth a basis for federal subject matter jurisdiction over this action, or shown cause in writing why his co-plaintiffs should not be dismissed from this action. Mr. Douglas has requested an extension of time to amend his petition and for appointment of counsel (R. Doc. 6), which has been denied by separate order. None of the deficiencies noted by the Court have been addressed in any way.

**II.     Law and Analysis**

In reviewing the Complaint in the light most favorable to Plaintiff, it appears that the Court cannot exercise subject matter jurisdiction over this action. Plaintiff does not seek relief under any federal law supporting federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Furthermore, it appears that diversity jurisdiction is lacking because there is not complete diversity between the parties. When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds

$75,000." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Mr. Douglas and Mr. Bui both appear to be Louisiana citizens. The Complaint does not identify the citizenship of Sharper Entertainment, Inc., which is determined by the corporation's state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). The Complaint also does not identify the citizenship of Larouge Entertainment, LLC or K&L Real Estate LLC, which is determined by the citizenship of their members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). While the Court has provided Mr. Douglas with the opportunity to amend the pleading establish complete diversity, he has failed to do so.

Furthermore, it appears that Mr. Douglas may be engaged in the unauthorized practice of law by signing a pleading on behalf of the named co-plaintiffs in this action, Sharper Entertainment, Inc., and Larouge Entertainment, LLC, which is prohibited under Louisiana law. *See* La. R.S. 37:213. A *pro se* plaintiff cannot sign a pleading on behalf of other plaintiffs that the *pro se* plaintiff does not represent. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). Business entities such as Sharper Entertainment, Inc., and Larouge Entertainment, LLC must be represented by licensed counsel in a civil proceeding. *See Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56; *United States v. Brown*, 197 F. Supp. 2d 574, 575 (W.D. La. 2002).

## III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and on the basis that Mr. Douglas has not established that he can represent the interests of his purported co-plaintiffs.

Signed in Baton Rouge, Louisiana, on July 18, 2018.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**